1980, unanimously reversed, on the law and the facts, and a new trial ordered on the issue of damages only, without costs and without disbursements, unless plaintiffs, within 20 days after service upon them of a copy of the order herein, with notice of entry, serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in their favor to $40,000 and to the entry of an amended judgment in accordance therewith. If plaintiffs so stipulate, the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. After review of the record, the damages appear to us to be excessive to the extent indicated. Concur — Kupferman, J.P., Birns, Sandler, Carro and Fein, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR GONZALEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS FUENTES, Appellant. — Judgments, Supreme Court, Bronx County, rendered May 14, 1979 as to defendant Hector Gonzalez, and May 8, 1979 as to defendant Carlos Fuentes, convicting each of them, on jury verdict, of rape in the first degree (Penal Law, § 130.35), robbery in the first degree (Penal Law, § 160.15), burglary in the second degree (Penal Law, § 140.25), and criminal possession of a weapon in the fourth degree (Penal Law, § 265.01), and sentencing them to respective terms of imprisonment thereon, are unanimously affirmed. Defendant Gonzalez made an oral confession to a police officer after appropriate *Miranda* warnings and waiver *(Miranda v Arizona,* 384 US 436). At a pretrial suppression hearing the police officer testified as to these facts, stating that he had read the *Miranda* warnings and waiver from the police department's official arrest report form, that defendant Gonzalez' responses were all positive and that defendant stated that he now wished to make a statement. The police officer did not have with him the arrest report form and so the report was not offered or received in evidence at the suppression hearing. On cross-examination it was brought out explicitly that the police officer informed defendant Gonzalez that he had a right to an attorney and that defendant did not request an attorney. At the trial, a few days later, before a jury and the same Judge, the same police officer, now having with him the arrest report, read from it the questions that he had asked defendant Gonzalez, and testified to the answers that defendant Gonzalez gave, all of which .appear to satisfy the requirements of *Miranda.* In our view, there was a sufficient showing that defendant Gonzalez was properly advised of and waived his *Miranda* rights before he made his confession. Defendant Gonzalez' confession implicated defendant Fuentes. Defendant Fuentes' attorney therefore asked for a severance of trial. But with full knowledge that the Trial Judge was going to admit defendant Gonzalez' confession in evidence and that it implicated defendant Fuentes, defendant Fuentes adamantly refused a severance and insisted upon a joint trial. Defendant instructed his attorney to withdraw the motion for a severance. After the court had questioned defendant on this point, the court marked the motion for a severance withdrawn. In the circumstances, defendant Fuentes did not have the right to require that defendant Gonzalez' confession be redacted insofar as it implicated defendant Fuentes. We have considered the other points raised on the appeals. They do not warrant reversal. Concur — Birns, J.P., Sandler, Carro, Silverman and Bloom, JJ.

■ BROWN, HARRIS, STEVENS, INC., Respondent, v BANKERS TRUST COMPANY, Appellant. BANKERS TRUST COMPANY, Defendant and Interpleading Plaintiff, v KENNETH D. LAUB & COMPANY, INC., Interpleaded Defendant. — Appeal from the order of the Supreme Court, New York County, entered on

January 7, 1980, withdrawn, without costs. No opinion. Concur — Kupferman, J. P., Birns, Sullivan, Markewich and Silverman, JJ.

■ BROWN, HARRIS, STEVENS, INC., Respondent, v BANKERS TRUST COMPANY, Appellant. BANKERS TRUST COMPANY, Defendant and Interpleading Plaintiff, v KENNETH D. LAUB & COMPANY, INC., Interpleaded Defendant. BANKERS TRUST COMPANY, Third-Party Plaintiff-Cross-Respondent, v LOEB RHOADES, HORNBLOWER & Co. et al., Third-Party Defendants-Cross-Appellants. — Appeal by defendant-appellant from so much of the order of the Supreme Court, New York County, entered on October 8, 1980, as granted plaintiff's motion to sever the third-party complaint, withdrawn, without costs. No opinion. Concur — Kupferman, J. P., Birns, Sullivan, Markewich and Silverman, JJ.

■ LOUIS J. TSAVARIS, Respondent, v EMANUEL J. TSAVARIS et al., Appellants. — Order, Supreme Court, New York County, entered on October 1, 1980, unanimously affirmed for the reasons stated by L. Cohen, J., at Special Term. Respondent shall recover of appellants $75 costs and disbursements of this appeal. Concur — Kupferman, J. P., Birns, Sullivan, Markewich and Silverman, JJ.

■ LOUIS J. TSAVARIS, Respondent, v EMANUEL J. TSAVARIS et al., Appellants. — Motion to extend stay denied, without costs.

■ HEMMERDINGER ESTATE CORPORATION, Respondent, v GIANT PAPER & FILM CORP., Appellant. — Judgment, Supreme Court, New York County, entered on June 4, 1980, unanimously affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal. Application on the call of the calendar is denied. No opinion. Concur — Birns, J. P., Sullivan, Ross, Markewich and Silverman, JJ.

■ In the Matter of RICHARD DE CESARE, Admitted as RICHARD P. DE CESARE, an Attorney. — Hearings ordered, determination of petition held in abeyance, and respondent suspended pending receipt of the report of the Referee, all as indicated in the order of this court. Concur — Murphy, P. J., Fein, Ross, Bloom and Carro, JJ.

■ FRANCO COSTA, v FANTASIA DISTRIBUTING CORPORATION et al. — Motion, insofar as it seeks reargument, denied, and insofar as it seeks leave to appeal to the Court of Appeals granted and the following question certified: "Was the order of the Supreme Court, as affirmed by this court properly made?" Concur — Birns, J. P., Sullivan, Markewich and Fein, JJ.

# (March 10, 1981)

■ SIDNEY HALITZER, Individually and as Trustee for MICHAEL D. HALITZER and Another, et al., Respondents-Appellants, v ALBERT GINSBERG, Individually and Doing Business as ALGIN MANAGEMENT Co., Appellant-Respondent. — Order, Supreme Court, New York County, entered October 9, 1980, which, *inter alia,* granted plaintiff priority of examination, modified, on the law, to the extent of allowing full examination, except as to matters relating to the accounting, itself, and, as so modified, affirmed, without costs and disbursements. There is no statutorily mandated requirement that a plaintiff seeking to obtain priority in the taking of depositions pursuant to CPLR